APPEL, Justice
(dissenting).
Iowa Code section 400.30 (2013) states, “The provisions of this chapter shall be strictly carried out by each person or body having powers or duties thereunder.” If the provisions of the Code are to be strictly carried out, it seems to me a person
shall not be removed, demoted, or suspended arbitrarily, except as otherwise provided in this chapter, but may be removed, demoted, or suspended after a hearing by a majority vote of the civil service commission, for neglect of duty, disobedience, misconduct, or failure to properly perform the person’s duties.
Id. § 400.18(1).
The Iowa legislature has clearly provided, except for certain exceptions not applicable here, termination may occur only “after a hearing by a majority vote of the civil service commission for neglect of duty, disobedience, misconduct, or failure to properly perform the person’s duties.” Id. That did not happen here.
I do not think the parties can agree to opt out of the system because they think their agreement is more beneficial than the statutory framework. The majority suggests last-chance agreements are at least sometimes good for the employee and good for the public employer. Perhaps so. But that is not the question. The question here is a simple one: Does the statute authorize dismissal of an employee without a majority vote of the civil service commission after a hearing for the enumerated causes? There is nothing in the statute allowing the parties to finesse this language.
The majority opinion declares there is nothing in the statute prohibiting last-chance agreements. There is no such specific language dealing with last-chance agreements. But the fact the language of Iowa Code section 400.18(1) is broad and not narrow does not defeat its application to last-chance agreements that do not provide for a hearing and vote by a majority of the civil service commission.
*124 The majority correctly points out the civil service statute does not expressly declare waivers are void as do many other statutes. That is a fair point. But it also does not expressly authorize last-chance agreements, as do some civil service statutes. In any event, the failure to provide such a declaration does not eviscerate the mandatory provisions of Iowa Code section 400.18(1), which the legislature has instructed the participants to strictly enforce. I do not think it can be fairly said this provision has been strictly enforced in this case.
For these reasons, I would affirm the judgment of the district court. Tinkering with the statute should be left to the legislature.
Hecht, J., joins this dissent.